# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **JAPHUS L. BRIGGS** | **CIVIL ACTION NO. 3:17-CV-01134** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JEFFREY NORRED, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Japhus L. Briggs, DOC #536595, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on September 22, 2017. He is confined at the Elayn Hunt Correctional Center (EHCC). He sues Jeffrey Norred and James Leblanc, seeking punitive and compensatory damages, and to have his time recalculated. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the complaint be DISMISSED WITH PREJUDICE.

### *Background*

In November 2016, plaintiff was sentenced to three years for second degree battery, a crime of violence. [Rec. Doc. 6, p. 3] He asserts that when he received his rap sheet, the release date computation information reflected that he was serving three flat years, without the ability to earn good time. *Id.* It reflects that he was sentenced under Act 150, applicable to those sentenced for a second crime of violence; plaintiff asserts he has only been convicted of one crime of violence, second degree battery in 2016. *Id.* He seeks monetary compensation for this miscalculation, as well as his time recalculated under the correct Act.

### *Law and Analysis*

### 1. *Heck v. Humphrey* Considerations

Plaintiff is seeking monetary compensation for "mental anguish, pain and suffering and because the detention and detainment produced fear." [Rec. Doc. 6, p. 4]

The United States Supreme Court held that, in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." *Heck v. Humphrey*, 512 U.S. 477, 486–487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck*, which involved a civil rights claim brought by a state prisoner, is also applicable to claims for injunctive relief that imply the invalidity of the conviction. *Kutzner v. Montgomery County*, 303 F.3d 339, 340–41 (5th Cir.2002). Further, the *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646–648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(deciding that a § 1983 civil rights action which claims necessarily imply the invalidity of a disciplinary action is not cognizable unless the disciplinary action has been reversed, expunged or otherwise invalidated).

As previously stated, plaintiff seeks a monetary reward to compensate him for the damages he has suffered due to the alleged miscalculation, and a recalculation of his sentence. If the court were to grant plaintiff the damages he seeks, such ruling would necessarily implicate the validity of the challenged administrative findings in this case. Accordingly, under *Heck*, plaintiff must demonstrate that his sentence has been reversed, invalidated, or expunged prior to bringing the

instant action. Plaintiff has failed to make such a showing. Consequently, his claim for monetary damages is "legally frivolous" within the meaning of 28 U.S.C. § 1915. *See Hamilton v. Lyons*, 74 F.3d 99, 102–103 (5th Cir.1996).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff may reassert his claim if and when he can meet the *Heck v. Humphrey* conditions.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe, Louisiana, November 14, 2017.

                                          **KAREN L. HAYES**
                             **UNITED STATES MAGISTRATE JUDGE**