# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JAPHUS L. BRIGGS | CIVIL ACTION NO. 3:17-CV-01134 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| JEFFREY NORRED, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

This is a civil rights lawsuit brought by Plaintiff Japhus L. Briggs pursuant to 42 U.S.C. § 1983. On November 14, 2017, after having conducted an initial review, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 10] in which she recommended that the Court dismiss Plaintiff's Complaint as frivolous and for failing to state a claim.

Instead of filing objections to Magistrate Judge Hayes' Report and Recommendation, Plaintiff then filed a motion to amend his civil rights Complaint [Doc. No. 11] to assert a claim of miscarriage of justice and to add a defendant who is the department records supervisor.

Additionally, Plaintiff had previously filed a motion to appoint counsel [Doc. No. 2] which was not addressed in Magistrate Judge Hayes' Report and Recommendation.

The Court will first address the motion to appoint counsel. In a § 1983 case, Congress has not specifically authorized courts to appoint counsel for a plaintiff. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an

attorney represent an indigent plaintiff. The United States Supreme Court in the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814 (1989), held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not authorized under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985) ("Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present."). No precise definition of "exceptional circumstances" is available, but the Fifth Circuit has provided a litany of factors for lower courts to consider in making this determination. For example, the district court should consider (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citations omitted). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf because plaintiffs are not excused from making efforts to procure counsel on their own. *See Jackson*, 864 F.2d at 1242; *Ulmer*, 691 F.2d at 213.

Plaintiff initiated this action to vindicate his civil rights and possesses first hand knowledge of the facts which form the basis of this action. Although he contends, without supporting evidence,

that he has mental disorders that would support the appointment of counsel, he was able to file a Complaint and recount the facts to the Court prior to issuance of the Report and Recommendation. He was also able to file a motion to amend the Complaint.  Further, Plaintiff details no efforts to attempt to secure an attorney.  Finally, given the fact that his allegations clearly raise *Heck* concerns, the Court finds it doubtful that appointment of counsel would benefit Plaintiff, the Court, or Defendants.  Accordingly, Plaintiff's motion to appoint counsel [Doc. No. 2] is DENIED.

Next, having reviewed the record in this matter, the Court finds that Magistrate Judge Karen L. Hayes correctly stated and applied the law, and the Court thus ADOPTS her Report and Recommendation.

Prior to dismissal, however, the Court has considered under Federal Rule of Civil Procedure 15 whether Plaintiff should be permitted to amend his Complaint.  The Court finds that he should not.  Plaintiff's proposed amendment would be futile because an allegation of a "miscarriage of justice" does not state a cause of action under § 1983 under the facts either.  Likewise, for the same reasons that his claims against the current Defendants fail, his claims against the departments records supervisor would fail as well.  Accordingly, the motion is DENIED, and the Court will issue a separate Judgment dismissing Plaintiff's Complaint as frivolous and for failure to state a claim. Plaintiff's claims will be dismissed with prejudice to their being asserted again until the *Heck v. Humphrey* conditions are met.

MONROE, LOUISIANA, this 7th day of December, 2017.

ROBERT G. JAMES  
UNITED STATES DISTRICT JUDGE